UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>THE FAIRCHILD CORPORATION<br><br>    Petitioner and Cross-Respondent,<br><br>    vs.<br><br>ALCOA INC.<br><br>    Respondent and Cross-Petitioner. | ECF<br><br>07-CV 6185 (VM)<br><br>Oral Argument Requested |

**CROSS-PETITION OF ALCOA INC. TO CONFIRM ARBITRATION AWARD**

    Respondent and Cross-Petitioner Alcoa Inc. ("Alcoa"), by its undersigned attorneys, brings this application pursuant to 9 U.S.C. § 9 to confirm a June 21, 2007 arbitration award in the arbitration of <u>Fairchild Corp. v. Alcoa Inc.</u>, CPR File No. G-06-22H (June 21, 2007) (Stapleton, Arb.). In support of the application, Respondent and Cross-Petitioner relies upon, and incorporates herein by reference, the affidavit of Daniel Slifkin and exhibits attached thereto and Alcoa's Memorandum of Law in Opposition to the Fairchild Corporation's Petition to Vacate Arbitration Award and in Support of Alcoa's Cross-Petition to Confirm Arbitration Award (hereinafter "Alcoa's Memorandum of Law"), which are being filed contemporaneously with this Cross-Petition. In further support of this application, Respondent and Cross-Petitioner asserts as follows:

**Parties**

1. Respondent and Cross-Petitioner Alcoa Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Its principal place of business is located at 390 Park Avenue, New York, NY 10022-4608.

2. Petitioner and Cross-Respondent The Fairchild Corporation ("Fairchild") is a corporation organized and existing under the laws of the Commonwealth of Virginia. Its principal place of business is located at 1750 Tysons Boulevard, Suite 1400, McLean, VA 22102.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the Southern District of New York under 9 U.S.C. § 9 because this Court is the United States court in and for the district within which the arbitration award at issue was made.

**Facts**

5. On July 16, 2002, Fairchild and Alcoa entered into an acquisition agreement whereby Fairchild agreed to sell a large proportion of its United States fastener business assets and foreign fastener business stock to Alcoa. The transaction closed and the acquisition agreement was amended on December 3, 2002.

6. That acquisition agreement ("Acquisition Agreement" or "Agreement") provides that Fairchild will indemnify Alcoa for certain environmental, health and safety liabilities associated with the acquired fastener business entities.

7. Section 11.7 of the Agreement provides: "If a dispute arises in connection with determining the validity or amount of a claim for indemnification for an Indemnifiable Loss under this Agreement ('Dispute')", and that dispute cannot be resolved through mediation, "the Dispute will be settled finally by arbitration". (Acquisition Agreement § 11.7, Affidavit of Tammy L. Roy in Support of The Fairchild Corporation's Petition to Vacate Arbitration Award ("Roy Aff.") Ex. 1.)[1] Section 11.7 also provides that "[t]he arbitration will be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq." and "[t]he award of the arbitrator shall be final and binding on the parties and judgment upon the award may be entered and enforced in any court having jurisdiction". (Id.) Section 11.7 further provides that any arbitration will be held in New York, New York. (Id.)

8. No agreement exists between the parties allowing for any arbitration award pursuant to § 11.7 of the Acquisition Agreement to be appealed under the International Institute for Conflict Prevention & Resolution ("CPR") Rules for Non-Administered Arbitration.

9. A dispute arose between the parties as to the validity and amount of indemnification claims for Indemnifiable Losses relating to environmental, health and safety liabilities incurred through September 30, 2006. After pursuing mediation unsuccessfully, the parties engaged in arbitration before former Connecticut Superior Court Judge James F. Stapleton ("the Arbitrator"), under the CPR Rules for Non-Administered Arbitration. The arbitration hearing took place in New York, New York, from January 8, 2007 through January 12, 2007, and from February 26, 2007 through March 1, 2007.

10. On June 21, 2007, the Arbitrator issued an Arbitration Decision and Award appending and incorporating additional Findings of Fact and Conclusions of Law ("Award"). As

---

[1] To avoid duplicative submissions to the court, Alcoa refers, where possible, to documents submitted by Fairchild in connection with its Petition to Vacate Arbitration Award.

3

set forth more fully in Alcoa's Memorandum of Law, the Arbitrator evaluated each of Alcoa's 204 indemnification claims, granted Alcoa recovery on many of them, rejected others and granted partial recovery on still others and determined disputed contractual issues to govern future indemnification reimbursements. (Award at 6-13, 21, Roy Aff. Ex. 5.) The Arbitrator then determined what tax credits Fairchild was entitled to receive against Alcoa's recovery under the Agreement and reduced the award accordingly. (Id. at 17-19, 21-22.)

11. The Award expressly states: "All claims and counterclaims not expressly awarded or referred to herein are hereby denied. This Award is in full settlement of all claims and counterclaims submitted in this arbitration." (Id. at 22.)

12. As more fully set forth in Alcoa's Memorandum of Law, the Award ultimately declares, inter alia: "Alcoa is entitled to receive the amount of $4,005,585.88 from the Escrow Account Payable in full within thirty days of the date of this Award". (Id.) The Award correctly describes the escrow account as "an escrow account of $25 million dollars . . . set up out of the proceeds of the sale to reimburse Alcoa for environmental indemnification payments due from Fairchild in excess of the $8.45 million dollar reserve". (Id. at 19.) The Arbitration Award exhausted the $8.45 million reserve and directed the prompt payment to Alcoa, from the escrow account, of $4,005,585.88. (Id. at 22, App. A ¶ 137.)

13. By letter of June 29, 2007, Alcoa requested that the escrow agent disburse the $4,005,585.88 awarded by the Arbitrator.

14. As more fully set forth in Alcoa's Memorandum of Law, Fairchild has prevented, and has indicated its intent to continue to prevent, execution of the Award. By letters to the escrow agent and Alcoa after the Award was issued, Fairchild has blocked disbursement of the unconditionally awarded $4,005,585.88 and sought to rearbitrate the very same claims just

resolved—arguing now that Alcoa's damages may be further reduced by certain other potential tax benefits.

15. On July 3, 2007, Fairchild served upon Alcoa a Petition to Vacate Arbitration Award.

16. No distribution from the escrow account has been made as of the date of this Cross-Petition.

17. This Cross-Petition is authorized by 9 U.S.C. § 9 as well as the terms of the Acquisition Agreement's arbitration provision and the Award.

18. This Cross-Petition is timely under 9 U.S.C. § 9 because it is filed within one year after the Award was made.

## Demand for Relief

WHEREFORE, Alcoa respectfully requests that:

1. This Court enter an order confirming the Arbitrator's June 21, 2007 Award;

2. This Court enter judgment against Fairchild in the amount of $12,455,585.88—$8,450,000 to be satisfied by the reserve and $4,005,585.88 to be paid from the escrow account;

3. This Court award Alcoa its costs and attorney's fees in connection with enforcing the Award;

4. This Court award Alcoa prejudgment interest at the statutory rate under Delaware law for the period commencing July 21, 2007;

5. This Court award Alcoa any additional relief that the Court deems just and proper.

Dated: July 17, 2007

        CRAVATH, SWAINE & MOORE LLP,

        by
            s/ Evan R. Chesler
            Evan R. Chesler
            Daniel Slifkin
            Members of the Firm

        Attorneys for Respondent and Cross-Petitioner Alcoa Inc.
            Worldwide Plaza
                825 Eighth Avenue
                    New York, NY 10019-7475
                      (212) 474-1000