Case 1:07-cv-06185-VM    Document 6-19    Filed 07/17/2007    Page 1 of 2

# CAHILL GORDON & REINDEL LLP
### EIGHTY PINE STREET
### NEW YORK, N.Y. 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | ROBERT M. HALLMAN | TELEPHONE: (212) 701-3000 | ROY L. REGOZIN | SENIOR COUNSEL |
| L. HOWARD ADAMS | WILLIAM M. HARTNETT | FACSIMILE: (212) 269-5420 | DEAN RINGEL | |
| ROBERT A. ALESSI | CRAIG M. HOROWITZ | | JAMES ROBINSON | WALTER C. CLIFF |
| ROGER ANDRUS | DAVID G. JANUSZEWSKI | | THORN ROSENTHAL | LAWRENCE A. KOBRIN |
| HELENE R. BANKS | ELAI KATZ | 1990 K STREET, N.W. | JONATHAN A. SCHAFFZIN | IMMANUEL KOHN |
| MICHAEL A. BECKER | THOMAS J. KAVALER | WASHINGTON, D.C. 20006-1181 | JOHN SCHUSTER | WILLIAM T. LIFLAND |
| LANDIS C. BEST | DAVID N. KELLEY | (202) 862-8900 | MICHAEL A. SHERMAN | DONALD J. MULVIHILL |
| GARY A. BROOKS | EDWARD P. KRUGMAN | FAX: (202) 862-8958 | DARREN SILVER | IRWIN SCHNEIDERMAN |
| SUSAN BUCKLEY | JOEL KURTZBERG | | HOWARD G. SLOANE | JOHN R. VAUGHAN |
| KEVIN J. BURKE | ALIZA R. LEVINE | | LAURENCE T. SORKIN | GARY W. WOLF |
| JAMES J. CLARK | GEOFFREY E. LIEBMANN | AUGUSTINE HOUSE | LEONARD A. SPIVAK | |
| BENJAMIN J. COHEN | MICHAEL MACRIS | 6A AUSTIN FRIARS | SUSANNA M. SUH | COUNSEL |
| CHRISTOPHER T. COX | ANN S. MAKICH | LONDON, ENGLAND EC2N 2HA | GERALD S. TANENBAUM | CORYDON B. DUNHAM |
| W. LESLIE DUFFY | JONATHAN I. MARK | (011) 44.20.7920.9800 | JONATHAN D. THIER | JAY GEIGER |
| ADAM M. DWORKIN | GERARD M. MEISTRELL | FAX: (011) 44.20.7920.9825 | JOHN A. TRIPODORO | RAND McQUINN* |
| RICHARD E. FARLEY | MICHAEL E. MICHETTI | | ROBERT USADI | |
| PATRICIA FARREN | ATHY A. MOBILIA | | GEORGE WAILAND | *ADMITTED IN |
| JOAN MURTAGH FRANKEL | NOAH B. NEWITZ | WRITER'S DIRECT NUMBER | GLENN J. WALDRIP, JR. | DC, TX, VA ONLY |
| BART FRIEDMAN | MICHAEL J. OHLER | | MICHAEL B. WEISS | |
| CIRO A. GAMBONI | KENNETH W. ORCE | (212) 701-3137 | S. PENNY WINDLE | |
| WILLIAM B. GANNETT | DAVID R. OWEN | | DANIEL J. ZUBKOFF | |
| CHARLES A. GILMAN | JOHN PAPACHRISTOS | | ADAM ZUROFSKY | |
| STEPHEN A. GREENE | LUIS R. PENALVER | | | |

June 26, 2007

Re:   The Fairchild Corp. v. Alcoa, Inc.
      CPR File No. G-06-22H

Dear Evan:

      We are still in the process of reviewing and evaluating Judge Stapleton's June 21, 2007 Arbitration Decision and Award in which, despite Fairchild's position that Alcoa was entitled to nothing in the way of indemnification, Judge Stapleton determined that Alcoa was entitled to exhaust the $8.45 million reserve and receive $4,005,585.88 from the Escrow Account set up by the parties in connection with the Acquisition Agreement.

      Section 11.3(e) of that Agreement provides in pertinent part that:

"Notwithstanding any other provision of this Agreement, the amount of any Indemnifiable Loss for which indemnification is provided under this Article XI shall be net of . . . (ii) any Tax Benefit actually realized as a result of such Indemnifiable Loss"

      "Tax Benefit" in turn is defined in Section 1.132 of the Agreement as, among other things:

"[T]he Tax savings attributable to any deduction, expense, loss, credit or refund to the indemnified party or its affiliates, when incurred or received."

      To Fairchild's knowledge, there is no (and never has been any) dispute between the parties about the applicability of this provision to any indemnification obligations Fairchild might have under Section 11.6. Therefore, now that Judge Stapleton has determined an Award amount under Section 11.6, the Agreement requires that that amount be netted against the amount of Tax Benefits realized by Alcoa on the items for which Judge Stapleton determined indemnification to be proper.

CAHILL GORDON & REINDEL LLP

-2-

Accordingly, please provide us with documentation regarding the relevant Tax Benefits Alcoa has realized on the approximately $13 million in claims which Judge Stapleton opined were indemnifiable under Section 11.6 as soon as possible so we can jointly confirm to the Escrow Agent the amount to be netted from the Award. This documentation should include without limitation information related to any deductions or credits against Alcoa's tax liabilities that it has received in the United States or in Europe in connection with expenses incurred for these projects and a computation of the total amount of such benefits.

All of Fairchild's rights with respect to these matters, Judge Stapleton's Decision and Award, and any other issues between Fairchild and Alcoa are, of course, expressly reserved.

Sincerely,

Adam Zurofsky

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
One Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

<u>VIA E-MAIL AND FEDERAL EXPRESS</u>