CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, N.Y. 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | ROBERT M. HALLMAN | TELEPHONE: (212) 701-3000 | ROY L. REGOZIN | SENIOR COUNSEL |
| L. HOWARD ADAMS | WILLIAM M. HARTNETT | FACSIMILE: (212) 269-5420 | DEAN RINGEL | WALTER C. CLIFF |
| ROBERT A. ALESSI | CRAIG M. HOROWITZ | | JAMES ROBINSON | LAWRENCE A. KOBRIN |
| ROGER ANDRUS | DAVID G. JANUSZEWSKI | 1990 K STREET, N.W. | THORN ROSENTHAL | IMMANUEL KOHN |
| HELENE R. BANKS | ELAI KATZ | WASHINGTON, D.C. 20006-1181 | JONATHAN A. SCHAFFZIN | WILLIAM T. LIFLAND |
| MICHAEL A. BECKER | THOMAS J. KAVALER | (202) 862-8900 | JOHN SCHUSTER | DONALD J. MULVIHILL |
| LANDIS C. BEST | DAVID N. KELLEY | FAX: (202) 862-8958 | MICHAEL A. SHERMAN | IRWIN SCHNEIDERMAN |
| GARY A. BROOKS | EDWARD P. KRUGMAN | | DARREN SILVER | JOHN R. VAUGHAN |
| SUSAN BUCKLEY | JOEL KURTZBERG | | HOWARD G. SLOANE | GARY W. WOLF |
| KEVIN J. BURKE | ALIZA R. LEVINE | AUGUSTINE HOUSE | LAURENCE T. SORKIN | |
| JAMES J. CLARK | GEOFFREY E. LIEBMANN | 6A AUSTIN FRIARS | LEONARD A. SPIVAK | COUNSEL |
| BENJAMIN J. COHEN | MICHAEL MACRIS | LONDON, ENGLAND EC2N 2HA | SUSANNA M. SUH | CORYDON B. DUNHAM |
| CHRISTOPHER T. COX | ANN S. MAKICH | (011) 44.20.7920.9800 | GERALD S. TANENBAUM | JAY GEIGER |
| W. LESLIE DUFFY | JONATHAN I. MARK | FAX: (011) 44.20.7920.9825 | JONATHAN D. THIER | RAND McQUINN* |
| ADAM M. DWORKIN | GERARD M. MEISTRELL | | JOHN A. TRIPODORO | |
| RICHARD E. FARLEY | MICHAEL E. MICHETTI | | ROBERT USADI | *ADMITTED IN |
| PATRICIA FARREN | ATHY A. MOBILIA | WRITER'S DIRECT NUMBER | GEORGE WAILAND | DC, TX, VA ONLY |
| JOAN MURTAGH FRANKEL | NOAH B. NEWITZ | | GLENN J. WALDRIP, JR. | |
| BART FRIEDMAN | MICHAEL J. OHLER | (212) 701-3137 | MICHAEL B. WEISS | |
| CIRO A. GAMBONI | KENNETH W. ORCE | | S. PENNY WINDLE | |
| WILLIAM B. GANNETT | DAVID R. OWEN | | DANIEL J. ZUBKOFF | |
| CHARLES A. GILMAN | JOHN PAPACHRISTOS | | ADAM ZUROFSKY | |
| STEPHEN A. GREENE | LUIS R. PENALVER | | | |

June 28, 2007

Re: <u>Fairchild v. Alcoa</u>

Dear Ms. Osborn:

   We represent The Fairchild Corporation in matters related to the December 3, 2002 Acquisition Agreement between Fairchild (together with certain related entities) and Alcoa, Inc., including matters related to the December 3, 2002 Escrow Agreement between those same parties in which you were named Escrow Agent with respect to certain escrowed funds. Unless otherwise noted, all capitalized terms herein have their defined meaning in the Acquisition Agreement and/or Escrow Agreement, as applicable.

   As you may be aware, on June 21, 2007 the arbitrator in the pending arbitration between the parties regarding certain indemnification claims issued an award in which he determined, among other things, that Alcoa was entitled, within thirty (30) days of the award, to $4,005,585.88 for Indemnifiable Losses incurred by Alcoa.

   However, the Acquisition Agreement requires that the $4,005,585.88 be netted against, among other things, any Tax Benefits realized by Alcoa with respect to those Indemnifiable Losses. Thus, assuming for the moment the validity of the arbitrator's award, any Tax Benefits realized by Alcoa that relate to the actual claims that the arbitrator found valid — a figure that necessarily could not have been calculated prior to the arbitration award in which those claims were in fact found valid — must be deducted from the actual amount to be paid to Alcoa out of the Escrow Account.

   Specifically, Section 11.3(e) of the Acquisition Agreement provides in pertinent part that:

CAHILL GORDON & REINDEL LLP

-2-

> "Notwithstanding any other provision of this Agreement, the amount of any Indemnifiable Loss for which indemnification is provided under this Article XI shall be net of . . . (ii) any Tax Benefit actually realized as a result of such Indemnifiable Loss"

"Tax Benefit" in turn is defined in Section 1.132 of the Agreement as, among other things:

> "[T]he Tax savings attributable to any deduction, expense, loss, credit or refund to the indemnified party or its affiliates, when incurred or received."

By way of a June 26, 2007 letter, we reached out to Alcoa's counsel to provide information on the Tax Benefits at issue so that we can jointly arrive at the number to be netted and communicate that information to you in a timely fashion. I have attached hereto a copy of that letter. Thus far, we have not heard back from Alcoa's counsel on this issue.

It is Fairchild's position that no funds should be dispersed from the Escrow Account until such time as the applicable Tax Benefit amounts have been netted against the Indemnifiable Losses identified by the arbitrator. To do otherwise, would result in the distribution of monies from the Escrow Account to which a party is not entitled.

Fairchild is still reviewing other aspects of the arbitrator's decision, and may appeal it or portions of it, which may affect the amount, if any, to which Alcoa may be entitled and, accordingly, expressly reserves all rights with respect to these matters, the arbitration award, and any and all agreements or disputes between it and Alcoa.

Thank you for your attention to these matters. Please feel free to call or write with any questions.

Sincerely,

Adam Zurofsky

Jo Anne Osborn
J.P. Morgan Trust Company, N.A.
One Oxford Centre
301 Grant Street, Suite 1100
Pittsburgh, PA 15219

CAHILL GORDON & REINDEL LLP

-3-

cc:  <u>Via Telecopier and Certified Mail</u>
    Alcoa Inc.
    390 Park Avenue
    New York, NY  10022-4608
    Telecopy:  (212) 836-2809
    Telephone:  (212) 836-2600
    Attention:  General Counsel

<u>Via Telecopier and Certified Mail</u>
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036-6522
Telecopy:  (212) 735-2000
Telephone:  (212) 735-3000
Attention:  J. Michael Schell, Esq.
            Margaret L. Wolff, Esq.

<u>Via Email</u>
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY  10019-6522
Attention:  Evan R. Chesler, Esq.
            Daniel Slifkin, Esq.