# CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, N.Y. 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
ROGER ANDRUS
HELENE R. BANKS
MICHAEL A. BECKER
LANDIS C. BEST
GARY A. BROOKS
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
CHRISTOPHER T. COX
W. LESLIE DUFFY
ADAM M. DWORKIN
RICHARD E. FARLEY
PATRICIA FARREN
JOAN MURTAGH FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI
WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE

ROBERT M. HALLMAN
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
DAVID N. KELLEY
EDWARD P. KRUGMAN
JOEL KURTZBERG
ALIZA R. LEVINE
GEOFFREY E. LIEBMANN
MICHAEL MACRIS
ANN S. MAKICH
JONATHAN I. MARK
GERARD M. MEISTRELL
MICHAEL E. MICHETTI
ATHY A. MOBILIA
NOAH B. NEWITZ
MICHAEL J. OHLER
KENNETH W. ORCE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420

1990 K STREET, N.W.
WASHINGTON, D.C. 20006-1181
(202) 862-8900
FAX: (202) 862-8958

AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825

WRITER'S DIRECT NUMBER

(212) 701-3137

ROY L. REGOZIN
DEAN RINGEL
JAMES ROBINSON
THORN ROSENTHAL
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
SUSANNA M. SUH
GERALD S. TANENBAUM
JONATHAN D. THIER
JOHN A. TRIPODORO
ROBERT USADI
GEORGE WAILAND
GLENN J. WALDRIP, JR.
MICHAEL B. WEISS
S. PENNY WINDLE
DANIEL J. ZUBKOFF
ADAM ZUROFSKY

SENIOR COUNSEL
WALTER C. CLIFF
LAWRENCE A. KOBRIN
IMMANUEL KOHN
WILLIAM T. LIFLAND
DONALD J. MULVIHILL
IRWIN SCHNEIDERMAN
JOHN R. VAUGHAN
GARY W. WOLF

COUNSEL
CORYDON B. DUNHAM
JAY GEIGER
RAND McQUINN*

*ADMITTED IN
DC, TX, VA ONLY

June 29, 2007

Re:   Fairchild v. Alcoa

Dear Ms. Osborn:

      I write on behalf of The Fairchild Corporation ("Fairchild") in response to Mr. Lease's June 28, 2007 letter to you demanding the release of $4,005,585.88 from the Escrow Account established pursuant to the terms of the December 3, 2002 Escrow Agreement between Fairchild and Alcoa, Inc. Unless otherwise noted, all capitalized terms herein have their defined meaning in the Acquisition Agreement between the parties and/or the Escrow Agreement, as applicable.

      As I indicated in my June 28, 2007 letter to you, Section 11.3(e) of the Acquisition Agreement requires that the $4,005,585.88 demanded by Alcoa be netted against any Tax Benefits realized by Alcoa on the Indemnifiable Losses determined by the arbitrator in the parties' recent arbitration. The language of the Agreement could not be clearer on this point. Nor could it be clearer that the arbitrator's award does *not* address this provision of the Agreement. Therefore, the arbitration award at issue represents only one step in, but not a complete resolution of, the question of how much Alcoa is entitled to out of the Escrow Account with respect to the claims that it has so far submitted.[1]

---

[1] To that end, it bears noting that, in providing that "Alcoa is entitled to receive the amount of $4,005,585.88 from the Escrow Account payable in full within thirty days of the date of this Award" (cited by Alcoa in its June 28th letter), the arbitrator exceeded his authority. Section 11.7 of the Acquisition Agreement (the arbitration provision) provides only that the determination of the arbitrator shall be binding on the parties, not on the Escrow Agent. The Escrow Agent's responsibilities are, of course, governed by the Escrow Agreement, which is not subject to the arbitration provisions of the

Footnote continued on next page.

CAHILL GORDON & REINDEL LLP

-2-

The truth is that Alcoa's June 28, 2007 demand for the full $4 million out of the Escrow Account right now is nothing less than an attempt to avoid Alcoa's contractual obligations to net any and all indemnifiable amounts against the Tax Benefits realized on those amounts. Put another way, Alcoa is trying to double-dip and secure for itself both the gross value of the expenses it incurred *and* the tax savings it has already realized through deduction of those expenses on its tax returns. The Acquisition Agreement does not allow for an Alcoa windfall of this sort.

We have written twice to Alcoa to discuss this issue so that we can jointly determine the appropriate amount of indemnification in light of *all* of the relevant provisions of the Agreement. Alcoa has to date refused to engage in discussions with Fairchild (as is required by Section 11.7 of the Acquisition Agreement) about this issue. We intend to pursue the issue, however, and have written to Alcoa demanding that they discuss and/or mediate the issue as required by the Acquisition Agreement.

Furthermore, please be advised that Fairchild intends to, and shortly will, appeal the arbitrator's determination with respect to Alcoa's entitlement to any indemnification on the amounts it has claimed. This appeal, of course, could very well affect the amount, if any, to which Alcoa may be entitled. We will send you the applicable papers once they are filed.

In light of the above, it remains Fairchild's position that no funds should be dispersed from the Escrow Account at this time. Thank you for your attention to these matters. Please feel free to call or write with any questions.

Sincerely,

Adam Zurofsky

Jo Anne Osborn
J.P. Morgan Trust Company, N.A.
One Oxford Centre
301 Grant Street, Suite 1100
Pittsburgh, PA 15219

---

Footnote continued from previous page.

Acquisition Agreement. Thus, while the question of whether Alcoa's claims qualify for indemnification under the Acquisition Agreement was within the arbitrator's jurisdiction, questions regarding the amount of funds to be released from the Escrow Account (as opposed to otherwise paid) and the timing of any payments are not. Accordingly, it is Fairchild's position that you are not bound by the arbitrator's direction to you in this regard.

CAHILL GORDON & REINDEL LLP

-3-

VIA FEDERAL EXPRESS

cc:                                                          Via Federal Express

    Alcoa Inc.
    390 Park Avenue
    New York, NY 10022-4608
    Telecopy:    (212) 836-2809
    Telephone:   (212) 836-2600
    Attention:   General Counsel

                                                      Via Federal Express

    Skadden, Arps, Slate, Meagher & Flom LLP
    Four Times Square
    New York, NY 10036-6522
    Telecopy:    (212) 735-2000
    Telephone:   (212) 735-3000
    Attention:   J. Michael Schell, Esq.
                 Margaret L. Wolff, Esq.

                                                      Via Federal Express

    Cravath, Swaine & Moore LLP
    825 Eighth Avenue
    New York, NY 10019-6522
    Attention:   Evan R. Chesler, Esq.
                 Daniel Slifkin, Esq.