# Cahill Gordon & Reindel LLP
## Eighty Pine Street
## New York, N.Y. 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
ROGER ANDRUS
HELENE R. BANKS
MICHAEL A. BECKER
LANDIS C. BEST
GARY A. BROOKS
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
CHRISTOPHER T. COX
W. LESLIE DUFFY
ADAM M. DWORKIN
RICHARD E. FARLEY
PATRICIA FARREN
JOAN MURTAGH FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI
WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE

ROBERT M. HALLMAN
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
DAVID N. KELLEY
EDWARD P. KRUGMAN
JOEL KURTZBERG
ALIZA R. LEVINE
GEOFFREY E. LIEBMANN
MICHAEL MACRIS
ANN S. MAKICH
JONATHAN I. MARK
GERARD M. MEISTRELL
MICHAEL E. MICHETTI
ATHY A. MOBILIA
NOAH B. NEWITZ
MICHAEL J. OHLER
KENNETH W. ORCE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420
─────
1990 K STREET, N.W.
WASHINGTON, D.C. 20006-1181
(202) 862-8900
FAX: (202) 862-8958

AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825
─────
WRITER'S DIRECT NUMBER

(212) 701-3137

ROY L. REGOZIN
DEAN RINGEL
JAMES ROBINSON
THORN ROSENTHAL
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
SUSANNA M. SUH
GERALD S. TANENBAUM
JONATHAN D. THIER
JOHN A. TRIPODORO
ROBERT USADI
GEORGE WAILAND
GLENN J. WALDRIP, JR.
MICHAEL B. WEISS
S. PENNY WINDLE
DANIEL J. ZUBKOFF
ADAM ZUROFSKY

SENIOR COUNSEL
WALTER C. CLIFF
LAWRENCE A. KOBRIN
IMMANUEL KOHN
WILLIAM T. LIFLAND
DONALD J. MULVIHILL
IRWIN SCHNEIDERMAN
JOHN R. VAUGHAN
GARY W. WOLF

COUNSEL
CORYDON B. DUNHAM
JAY GEIGER
RAND McQUINN*

*ADMITTED IN
DC, TX, VA ONLY

June 29, 2007

Re:   The Fairchild Corp. v. Alcoa, Inc.
       CPR File No. G-06-22H

Dear Dan:

Your letter of June 28 is both surprising and disappointing. The Acquisition Agreement could not be clearer that any indemnification amounts must be netted against, among other things, the Tax Benefits realized by Alcoa in connection with the applicable Indemnifiable Losses. Is Alcoa suggesting that the Agreement does not mean what it says?

In any event, your citations to Judge Stapleton's Award do not bear on the issue.[1] Judge Stapleton made clear that the Award "addresses only those matters which are in evidence before the undersigned arbitrator." The Award does not purport to address the question of Tax Benefits realized by Alcoa on the various indemnification claims and no evidence was presented on the issue. This is no surprise given that the issue was not ripe prior to the issuance of the Award. One cannot assess the Tax Benefits applicable to a set of Indemnifiable Losses until one knows in the

---

[1]   As previously noted, Fairchild is still reviewing the Award and expressly reserves all rights with respect to it. Your letter, however, highlights at least one aspect of the Award that is on its face erroneous. Specifically, the Award provides that "Alcoa is entitled to receive the amount of $4,005,585.88 from the Escrow Account payable in full within thirty days of the date of this Award." Nowhere does the Agreement empower the arbitrator to order the Escrow Agent — whose conduct is governed by a separate agreement — to pay specific amounts out of the Escrow Account, nor does it authorize the setting of deadlines for that payment. Those matters are covered by the Escrow Agreement itself. Indeed, Section 11.7 of the Acquisition Agreement provides only that the Award will be binding "on the parties," not on the Escrow Agent.

CAHILL GORDON & REINDEL LLP

-2-

first instance what those Indemnifiable Losses are. Accordingly, the Award does **not** represent — nor could it represent — an adjudication on the issue of what Tax Benefits need to be netted against any owed indemnity.[2]

Nor was it previously apparent that the issue needed to be adjudicated at all. Indeed, until your letter, Fairchild was unaware that Alcoa had no intention of honoring Section 11.3(e) of the Acquisition Agreement.

Based on your letter, however, it appears that the parties now do have an unadjudicated dispute over the amount of indemnification owed by Fairchild to Alcoa — specifically, the amount of Tax Benefits that should be netted in accordance with Section 11.3(e). Accordingly, Fairchild has no choice but to invoke Section 11.7 of the Acquisition Agreement in an effort to resolve that dispute. That Section provides first for direct discussions between representatives of the parties. We are ready and able to engage in further discussions with Alcoa on this issue. Please advise when Alcoa would like to meet and/or confer. In order to make these discussions as productive as possible, I reiterate my request that Alcoa provide us with appropriate documentation regarding the relevant Tax Benefits and Alcoa's marginal tax rates for the entities that incurred the particular losses at issue.

If for some reason Alcoa is unwilling to engage in the discussions required under Section 11.7, then Fairchild intends to invoke the mediation provisions of Section 11.7.

All of Fairchild's rights with respect to these matters are, of course, expressly reserved.

Sincerely,

Adam Zurofsky /TLR

---

[2] Your letter is all the more disappointing given Alcoa's repeated arguments that an issue is not properly the subject of arbitration under Section 11.7 of the Acquisition Agreement unless and until that issue has been the subject of prior mediation. (*See e.g.*, Alcoa's Brief in Support of its Motion for Partial Summary Judgment at 54, n. 17). The parties have never mediated the question of the Tax Benefit offset under Section 11.3. Alcoa therefore cannot now claim — in contradiction to what it then argued — that the question of Tax Benefits under Section 11.3 was somehow legitimately addressed by the Award.

CAHILL GORDON & REINDEL LLP

-3-

Daniel Slifkin, Esq.
Cravath, Swaine & Moore LLP
One Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

<u>VIA E-MAIL AND FEDERAL EXPRESS</u>